UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ZACKARY W. BENNETT,

    Plaintiff,

v.

WHITE TIGER, INC., *et al.*,

    Defendants.

Case No. 2:12-CV-00171
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion for Summary Judgment of Defendants White Tiger, Inc. ("White Tiger") and George Peyton ("Peyton"). (ECF No. 3.) For the reasons that follow, Defendants Motion is **DENIED** as to White Tiger and **GRANTED** as to Peyton. Additionally, Plaintiff's Rule 56(f) Motion is **DENIED** as moot. (ECF No. 5)

### I. BACKGROUND

Plaintiff, Zackary W. Bennett, brings this action against Defendants alleging disability discrimination pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Plaintiff also brings multiple state law claims against Defendants. White Tiger hired Plaintiff as an employee in August 2010. (Compl. ¶¶ 11–12, ECF No. 1.) Plaintiff maintains that during all relevant periods he suffered from irritable bowel syndrome ("IBS"). (*Id.* at ¶ 7.) According to Plaintiff, on April 12, 2011, after he visited his physician, he requested that Defendants accommodate him by allowing him to visit the bathroom as needed. (*Id.* at ¶¶ 19–20.) Plaintiff asserts that Peyton denied this request. (*Id.* at ¶¶ 20–21.) Plaintiff contends that on April 13, 2011, he made a second accommodation request. (*Id.* at ¶¶ 22, 24.) Plaintiff

maintains that Peyton denied this second request and informed Plaintiff "that he no longer had a job." (*Id.* at 24.) Plaintiff filed this action on February 24, 2012.

On April 25, 2012, Defendants filed the instant Motion for Summary Judgment. Defendants maintain that White Tiger is not an "employer" under the ADA because it did not employ fifteen or more employees for the period that the ADA requires. To support this assertion, Defendants submit the Affidavit of Peyton. Peyton avers that "[f]rom January 1, 2010 through the present, White Tiger, Inc. has at no time had fifteen or more employees for each working day in each of twenty or more calendar weeks." (Peyton Aff. ¶ 3, ECF No. 3-1.) Defendants also contend that Peyton is not an "employer" within the meaning of the ADA. Defendants specifically assert that Peyton cannot be held individually liable under the ADA for his role as owner and supervisor. Moreover, Defendants contend that, like White Tiger, Peyton has not employed the requisite number of people. Finally, Defendants maintain that the Court should decline to exercise supplemental jurisdiction over Plaintiff's various state-law claims.

In May 2012, Plaintiff filed his Rule 56(f) Motion,[1] requesting the opportunity to conduct discovery before responding to the Motion for Summary Judgment. In addition to noting the early stage of the action, Plaintiff specifically requested an opportunity to receive payroll documentation, tax information, and other employment record to determine the number of employees of White Tiger. Defendants did not oppose Plaintiff's request to obtain payroll documentation prior to responding to the Motion for Summary Judgment.

The Magistrate Judge held a Preliminary Pretrial Conference on June 7, 2012. Following

---

[1] In its current version, the former Federal Rule of Civil Procedure 56(f) has been renumbered as 56(d).

the Conference, the Magistrate Judge directed Plaintiff to serve written discovery requests regarding the ADA employer issue on or before June 15, 2012. The Magistrate Judge also directed Plaintiff to respond to Defendants' Motion for Summary Judgment by August 10, 2012.

In responding to Defendants' Motion for Summary Judgment, Plaintiff maintains that there is a genuine issue of fact as to whether Defendants have employed the requisite number of employees under the ADA. To support this assertion, Plaintiff submits a spreadsheet list of employees (hereinafter Plaintiff's Ex. A) that Defendant provided in response to discovery requests. (Pl.'s Mem. Contra Ex. A, ECF No. 9.) In addition to the employees in this list, Plaintiff asserts that other individuals, such as Mike Bowen and Jeff Humphreys, were employees—as opposed to independent contractors—during the relevant period. According to Defendant, even including Mr. Brown and Mr. Humphreys as employees, Defendants did not employ the required number of people. Finally, in opposing summary judgment as to Peyton, Plaintiff contends that Peyton is an employer because he is the alter ego of White Tiger.

## II. STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which

demonstrate "the absence of a genuine issue of material fact." *Id.* at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Liberty Lobby, Inc.*, 477 U.S. at 248; s*ee also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (the requirement that a dispute be "genuine" means that there must be more than "some metaphysical doubt as to the material facts"). Consequently, the central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251–52.

## III. ANALYSIS

### A.     ADA claim as to White Tiger

The ADA prohibits "covered entit[ies]" from discriminating "against a qualified individual on the basis of disability . . . ." 42 U.S.C. § 12112(a). Under the statute, "'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). Of particular importance to this matter, the ADA defines employer as "a person engaged in an industry affecting commerce *who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.*" 42 U.S.C. § 12111(5)(A) (emphasis added).

Federal courts considering the ADA and like-worded statutes have held that the "current"

4

calendar year is the year of the alleged discrimination. *See, e.g., Hernandez-Miranda v. Empresas Diaz Masso, Inc.*, 651 F.3d 167, 175 (1st Cir. 2011) (holding that current calendar year for the purposes of 42 U.S.C. § 1981a(b)(3) meant the year of the discrimination); *Smith v. Castaways Family Diner*, 453 F.3d 971, 973–74 (7th Cir. 2006) (explaining that for purposes of Title VII, "'current calendar year' means the year in which the alleged discrimination occurred"); *Richardson v. K.C. Concepts, LLC*, No. 6:08–3186, 2010 WL 500418, at *9 (D.S.C. Feb. 4, 2010) (holding that, for the purposes of the ADA, "[t]he 'current' calendar year is the year in which the alleged discrimination occurred").

Moreover, in counting employees, the Supreme Court has applied a "payroll method," counting an employee on any working day that the employer maintains an "employment relationship" with the employee, as opposed to only days on which the employee receives compensation. *Walters v. Metro. Educ. Enter., Inc.*, 519 U.S. 202, 204–05, 211–12 (1997) (holding, pursuant to the payroll method, that an entity met Title VII's fifteen employee requirement even though some of the required employees worked in a part-time capacity and did not work certain days of the week); *see also Ramsey v. 801 Credit Union Corp.*, No. C–3–94–183, 1997 WL 1764756, at *3–4 (S.D. Ohio Feb. 18, 1997) (applying the *Walters* holding to the ADA and counting part-time employees toward the required number); *Satterfield v. Tennessee*, 295 F.3d 611, 617 (6th Cir. 2002) (explaining that because the ADA, Title VII, and the Age Discrimination and Employment Act, all "define 'employer' essentially the same way" it is appropriate to consider case law from one statute in interpreting the others)

In this case, the years in question are 2010 and 2011. Specifically, Plaintiff maintains that Defendants discriminated against him, and failed to accommodate him, in April 2011.

5

Accordingly, as Defendants emphasize, the current and preceding calendar years in this case are 2011 and 2010 respectively.

Upon review of the record evidence, there is a genuine dispute of material fact as to the number of employees White Tiger employs.[2] As detailed above, Plaintiff's submit Exhibit A, a spreadsheet listing employees that—at least according to Plaintiff's briefing—Defendants provided in response to discovery requests. Plaintiff's Exhibit A specifically lists employees' names, start date, end date, current employment status, and whether the employees worked part or full time. Within their Reply, Defendants do not challenge the information within this spreadsheet, but rather cite the spreadsheet as probative evidence. (*See* Reply 5, ECF No. 10.)

Based on Plaintiff's Exhibit A, a reasonable jury could conclude that Defendant White Tiger was an "employer" within the meaning of the ADA. The information within Exhibit A reflects that from Monday June 20, 2011 until Sunday November 6, 2011—a twenty week period—Defendant White Tiger employed fifteen people. (*See* Pl.'s Mem. Contra Ex. A, ECF No. 9.) Exhibit A specifically indicates that Rhonda Abbott, Paul Beekman, Bradley Cain, Jeffrey Chave, Nathan Cole, Gregory Huff, Nicole Lattig, Denver Leistikow, Tracy Mason, Cory Penwell, Betty Peyton, Bryant Peyton, Beth Potts, Trudy Showmaker, and Jared Snell worked as employees of White Tiger during this period.[3] Under these circumstances, a reasonable trier of fact could conclude that White Tiger met the ADA's "15 or more employees for each working

---

[2] As mentioned above, the parties dispute whether the Court should consider certain individuals, such as Mike Bowen, as employees or independent contractors. The Court, however, finds it unnecessary to reach this issue.

[3] Moreover, Exhibit A suggests that all of these employees except for Bryant Peyton currently work for White Tiger. (*See* Pl.'s Mem. Contra Ex. A, ECF No. 9.) One of these individuals, Tracy Mason, is a part-time employee. (*Id.*)

6

day in each of 20 or more calendar weeks" requirement for employers. 42 U.S.C. § 12111(5)(A).

In reaching this conclusion the Court has considered the chart that Defendants attached to their Reply, detailing the weeks employees worked in 2011. (Reply Ex. 2, ECF No. 10-1.) According to this chart, White Tiger only employed fourteen employees from June 20, 2011 through November 6, 2011. (*Id.*) Nevertheless, this chart omits Bryant Peyton.[4] (*See id.*) Plaintiff's Exhibit A indicates that Byrant Peyton worked from June 17, 2011 until he was terminated on November 11, 2011. (Pl.'s Mem. Contra Ex. A, ECF No. 9.) Accordingly, based on the current record, the Court finds that there is a material dispute of fact as to this issue.

## B. ADA Claims as to George Peyton

Defendants also move for summary judgment as to Peyton, maintaining that the ADA does not allow for individual liability. Plaintiff contends that "White Tiger is nothing more than the alter ego of Peyton" and, therefore, Peyton meets the definition of employer under the ADA. (Pl.'s Mem Contra 7, ECF No. 9.)

The United States Court of Appeals for the Sixth Circuit has held that "individuals who do not qualify as 'employers' under Title I of the ADA may not be held personally liable in ADA cases." *Satterfield*, 295 F.3d at 616 n.4; *see also Fodor v. D'Isernia*, No. 5:12cv28, 2012 WL 2116178, at *2 (June 4, 2012) ("[T]he ADA does not permit individual liability against company employees, or owners of a company."). Consequently, to hold Peyton liable in his individual capacity, Plaintiff must establish that Peyton is an employer within the meaning of the ADA. *Satterfield*, 295 F.3d at 616 n.4.

---

[4] Defendants do not explain this omission. Such an omission may have occurred because White Tiger also employed another "B. Peyton" (Betty) during this period, whom Defendants' chart does list. (*See* Reply Ex. 2, ECF No. 10-1.)

7

Within the context of Title VII, the Sixth Circuit has considered, without deciding, "the proposition that a supervisor may be held liable in his or her official capacity upon a showing that he or she could be considered the 'alter ego' of the employer." *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001). Under such a theory, a plaintiff must demonstrate that the individual had significant control over the hiring, firing, and working conditions. *Id.* This Court has recognized the possibility of official capacity claims under Title VII. *Monsul v. Ohashi Technica U.S.A., Inc.*, No. 2:08–cv–958, 2009 WL 2430959, at *2 (S.D. Ohio Aug. 6, 2009) (citing *Osman v. Isotec, Inc.*, 960 F.Supp. 118, 121 (S.D. Ohio 1997)). At the same time, however, the Court has emphasized that even under the official capacity theory only the employer, and not the individual defendants, "can be responsible for any relief [the plaintiff] might obtain." *Monsul*, 2009 WL 2430959, at *3. Accordingly, this Court has dismissed official capacity claims as unnecessarily duplicative, and "add[ing] nothing to th[e] litigation," when the employer entity is already included as a defendant. *Id.*; *see also McFarland v. Breads of World, LLC*, No. 09–cv–929, 2010 WL 1906391, at *3–4 (S.D. Ohio Apr. 5, 2011) (dismissing official capacity claims against individual defendants because recovery could only run against the employer defendant) (Report and Recommendation later adopted); *Miller v. Rudd*, 2001 WL 242588, at *11 (S.D. Ohio Feb. 6, 2001) (collecting cases dismissing such claims).

In this case, Defendant Peyton is entitled to summary judgment to the extent Plaintiff is attempting to hold him liable in his individual capacity. The record reflects that the "employer" in this case is White Tiger. Defendants have submitted evidence that White Tiger is an Ohio corporation and that Peyton is its owner. (Peyton Aff. ¶ 2, ECF No. 3-1.) As detailed above,

8

Plaintiff maintains that White Tiger is merely the alter ego of Peyton. Even assuming an alter ego analysis is a viable method of finding an individual to be an "employer" under the ADA, Plaintiff fails to submit evidence to support this theory. Tellingly, Plaintiff has not provided any evidence regarding Peyton's relationship with White Tiger. Nor has Plaintiff specifically requested any further discovery, pursuant to Federal Rule of Civil Procedure 56(d)—regarding Peyton's relationship with White Tiger—before responding to this portion of Defendants' Motion.[5] *Cf. Whiteside v. Collins*, No. 2:08–CV–875, 2012 WL 2374723, at *1 (S.D. Ohio June 22, 2012) ("A motion under Rule 56(d) may be properly denied where the requesting party makes only general and conclusory statements regarding the need for more discovery . . . or where the affidavit lacks any details or specificity.") (internal quotations and citation omitted). Under these circumstances, Plaintiff has failed to produce sufficient evidence to defeat the traditional presumption that a corporation is its own entity, separate from its owner.[6] *See Transition Healthcare Assoc., Inc. v. Tri-State Health Investors, LLC*, 306 F. App'x 273, 280 (6th Cir. 2009) (recognizing that generally "[a] corporation is a legal entity, apart from [those] who compose it") (internal quotations omitted).

---

[5] Within his original Rule 56(f) Motion, Plaintiff cited the general lack of discovery and the lack of employment records to establish the number of employers as grounds for relief. Plaintiff, however, did not mention the need for further information as to Peyton's relationship with White Tiger. In ultimately responding to Defendants' Motion, Plaintiff did note that only limited discovery had occurred, which did not include deposition testimony. Nevertheless, Plaintiff did not show by affidavit or declaration that further evidence was necessary to resolve the issue of Peyton's individual liability.

[6] Plaintiff maintains that Defendant have failed to provide evidence demonstrating that Peyton is entitled to the protection of the corporate form. The Court disagrees. Once again, Defendants have presented evidence that White Tiger is an Ohio corporation and that Peyton is its owner. Accordingly, Plaintiff bears the burden of presenting evidence to show that the corporate form should be disregarded.

9

From his pleadings and briefing, Plaintiff appears to seek relief against Peyton in his individual capacity, as opposed to his official capacity. Even assuming Plaintiff attempts to assert an official capacity claim against Peyton, however, he is also proceeding directly against White Tiger. Accordingly, for the reason detailed above, the Court may dismiss any official capacity claim as duplicative. The substantive bases for any such claim survives due to Plaintiff's ADA claim against White Tiger. *Monsul*, 2009 WL 2430959, at *3.

## C.     Supplemental Jurisdiction

Finally, Defendants request that the Court decline supplemental jurisdiction as to Plaintiff's state-law claims. Because the Court allows Plaintiff to proceed on his ADA claim as to White Tiger, it will retain supplemental jurisdiction over Plaintiff's state-law claims at this time.

## IV. CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment of Defendants White Tiger, Inc. and George Peyton is **DENIED** in part and **GRANTED** in part. (ECF No. 3.) Moreover, in light of the Court's June 7, 2012 Pretrial Conference as well as this Opinion and Order, Plaintiff's Rule 56(f) Motion is **DENIED** as moot. (ECF No. 5)

**IT IS SO ORDERED.**

1-15-2013
**DATE**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**

10